**Marilyn RIFKIN, Plaintiff–Appellant,**

v.

**UNIVERSITY OF CINCINNATI;
Philip Jackson, Professor,
Defendants–Appellees.**

No. 01–4078.

United States Court of Appeals,
Sixth Circuit.

Oct. 30, 2002.

Before KENNEDY, ALAN E. NORRIS, and BATCHELDER, Circuit Judges.

BATCHELDER, Circuit Judge.

Appellant Marilyn Rifkin appeals the district court's order granting summary judgment to the University of Cincinnati and Philip Jackson (collectively "the University") on Rifkin's claims of employment discrimination by the University. Al-

though Rifkin's complaint contained a number of federal and state claims, her claims on appeal relate solely to the complaint's allegations that by refusing to provide reasonable accommodations to her as required by the Americans with Disabilities Act ("ADA"), the University constructively discharged her from her position as a tenured professor. The district court granted summary judgment to the University, concluding that the undisputed facts conclusively demonstrated that Rifkin had voluntarily signed an early retirement agreement that included a waiver and release of all claims that she might have had at the time of signing the agreement. Noting that the parties had conceded that the Eleventh Amendment bars the claim against the University of Cincinnati for monetary relief but does not bar the claim for prospective relief against Philip Jackson in his official capacity, the district court found that the waiver and release was valid and binding and that Rifkin was wholly barred from pursuing her ADA claim. Rifkin timely appealed.

After reviewing the record, the applicable law and the parties' briefs, and having had the benefit of counsels' oral arguments, we conclude that the district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision to dismiss the complaint. Because the issuance of a full written opinion by this court would serve no useful purpose, we AFFIRM the judgment of the district court on the basis of its well-reasoned opinion.

We note, however, that Rifkin makes an argument to us that she did not raise before the district court, namely, that the waiver does not apply prospectively, and because her constructive discharge occurred on the date that her early retirement took effect, some nine months after she signed the early retirement agreement containing the waiver, the waiver does not preclude the constructive discharge claim. We do not ordinarily consider arguments not raised before the trial court; Rifkin has provided us with no explanation for her failure to raise this issue before the trial court; and the argument is in any event wholly without merit. Rifkin voluntarily retired; she was not constructively discharged; and had there been a constructive discharge, it would have occurred on the date Rifkin signed the retirement agreement containing the waiver.

The judgment is AFFIRMED.